# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:19-cv-00972-RGK-(JEM) | Date | September 25, 2019 |
|---|---|---|---|
| Title | *Shelly Lyons v. SAIA Motor Freight Line, LLC, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

On January 24, 2019, pro se Plaintiff Shelly Lyons ("Plaintiff") filed a Complaint in San Bernardino Superior Court against Defendants SAIA Motor Freight Line, LLC ("SAIA"), Mike Hughing ("Hughing"), and Dave Hines ("Hines") (collectively, "Defendants"), alleging (1) discrimination; (2) harassment; (3) age discrimination; (4) threat of termination; and (5) wrongful termination.[1] Thereafter, SAIA removed the action to federal court, invoking the Court's diversity jurisdiction. In its notice of removal, SAIA argued that although Hughing and Hines are non-diverse parties, their citizenship can be disregarded because they are sham defendants. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("fraudulently joined defendants will not defeat removal on diversity grounds.")

On May 30, 2019, SAIA moved to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 8(a)(2), 12(b)(6), and 12(b)(1). The Court granted the motion without prejudice and ordered Plaintiff to show cause as to why Hughing and Hines should not be dismissed as sham defendants. Plaintiff did not provide supplemental briefing on this issue, as ordered. Instead, Plaintiff filed a First Amended Complaint ("FAC") which added new factual allegations regarding Hughing and Hines' purportedly harassing conduct.

On August 18, 2019, SAIA moved to dismiss the FAC under Rule 12(b)(6). In its motion, SAIA argues that (1) Plaintiff's claims against Hughing and Hines should be dismissed because they are sham defendants and have not been served, and (2) the remaining claims should be dismissed for failure to state a claim.

---

[1] The first, third, and fifth claims are brought against SAIA only. The second and fourth claims are asserted against Hughing and Hines.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-00972-RGK-(JEM) | Date | September 25, 2019 |
|---|---|---|---|
| Title | ***Shelly Lyons v. SAIA Motor Freight Line, LLC, et al.*** | | |

At the outset, the Court must determine whether Hughing and Hines are indeed sham defendants because if they are not, diversity is destroyed and the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("courts…have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.")

"Fraudulent joinder" is a "term of art." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of law." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (internal citations omitted). The removing party has the burden to establish fraudulent joinder "by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

In light of the newly-raised allegations in the FAC, the Court finds that Hughing and Hines are not sham defendants. In its July 29, 2019 Order, the Court held that Plaintiff failed to state a claim against Hughing and Hines for either threat of termination or harassment. With respect to harassment, the Court held that Plaintiff failed to plausibly allege that the purportedly harassing conduct was either severe or pervasive. In the FAC, however, Plaintiff cured this defect by setting forth specific factual allegations that (1) "[o]n more than one occasion Dave Hines has tossed me a banana and stated go to work boy"; (2) "Mike Hughing on several occasions has called me a Nigger"; and (3) "[t]hese actions were unwanted and pervasive[.]" (FAC at 3.) Based on these allegations, the Court finds that Hughing and Hines are not sham defendants and the Court cannot discount their citizenship. *See Ontiveros v. Michaels Stores, Inc.*, No. CV 12-09437 MMM FMOX, 2013 WL 815975, at *9 (C.D. Cal. Mar. 5, 2013) ("[A] non-fanciful possibility of liability" precludes application of the sham-defendant doctrine "even where the plaintiff's claim appear[s] 'relatively weak.'"); *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) ("a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint…fails to state a claim against the non-diverse defendant.")

There is a way that diversity might be salvaged. SAIA argues that Hughing and Hines should be dismissed from this action because Plaintiff failed to timely serve them. Under Federal Rule of Civil Procedure 4(m), the summons and complaint must be served upon defendants within 90 days from the date of the filing of the complaint. "If a defendant is not served within 90 days after the complaint is filed, the court…must dismiss the action without prejudice against that defendant" unless "the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m). To date, Plaintiff has not filed a Proof of Service for either Hughing or Hines.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-00972-RGK-(JEM) | Date | September 25, 2019 |
|---|---|---|---|
| Title | *Shelly Lyons v. SAIA Motor Freight Line, LLC, et al.* | | |

     Accordingly, Plaintiff is hereby ordered to show cause why Hughing and Hines should not be dismissed for lack of service under Rule 4(m). Plaintiff's response is due by October 7, 2019. Plaintiff's brief may not exceed two (2) pages. If Plaintiff has served Hughing and Hines, he must file a Proof of Service.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer     _____